IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHIEF CARMELA LYNN JACKSON-LEWIS,<br><br>Plaintiff,<br><br>vs.<br><br>DERRICK K. WATSON; DONALD TRUMP; JOSH GREEN; MIKE BRAUN; and KEVIN STITT,<br><br>Defendants. | Civil No. 26-00462 HG-KJM<br><br>FINDINGS AND RECOMMENDATION TO: (1) DISMISS THE COMPLAINT WITH LEAVE TO AMEND; AND (2) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

FINDINGS AND RECOMMENDATION TO:
(1) DISMISS THE COMPLAINT WITH LEAVE TO
AMEND; AND (2) DENY PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

On August 31, 2026, Plaintiff Chief Carmela Lynn Jackson-Lewis ("Plaintiff") filed a Complaint for Violation of Civil Rights ("Complaint"). ECF No. 1. That same day, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"). ECF No. 2.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the IFP Application, applicable law, and the record in this case, the Court FINDS AND RECOMMENDS that the district court DENY the IFP Application.

## DISCUSSION

### I. Plaintiff's Complaint

#### A. Screening Pursuant to 28 U.S.C. § 1915(e)(2)

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees. *See* 28 U.S.C. § 1915(a)(1). Courts must subject each civil action commenced pursuant to § 1915(a) to a mandatory screening and order the dismissal of any claims it finds frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet—that the court must accept as true all of the allegations contained in the complaint—"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

A complaint must also meet Rule 8 of the Federal Rules of Civil Procedure's requirements that a complaint include a "short and plain statement of the claim," and that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citations, alterations, and internal quotation marks omitted).

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). The Court

also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).

B. The Complaint

Plaintiff names five defendants: (1) United States District Judge Derrick K. Watson; (2) President Donald Trump; (3) Hawaii Governor Josh Green; (4) Indiana Governor Mike Braun; and (5) Oklahoma Governor Kevin Stitt (collectively, "Defendants"). Plaintiff names Defendants in their official and individual capacities. ECF No. 1 at 4–5.

Plaintiff used a "Complaint for Violation of Civil Rights" form as her Complaint. Under the section titled, "Basis for Jurisdiction," Plaintiff indicates that she is asserting claims against federal officials pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and state officials pursuant to 42 U.S.C. § 1983.

Plaintiff does not, however, indicate which of Plaintiff's civil rights were violated or specify where, when, or how Defendants contributed to the violations. Plaintiff's allegations are nonsensical and fail to state a plausible claim for relief. For example, in response to a prompt in the form that asks Plaintiff to explain what

facts underly her claim, Plaintiff responds: "(1) Due to scientific AI/ in vitro fertility gender selection, All natural Native Humans became Stalked/Hunted. (2) Using Immunization the Government Knowingly charged/tracked "All Natural Native Humans" cryptocurrency . . . ." ECF No. 1 at 6.

Simply put, the Court finds that Plaintiff does not allege specific facts sufficient to state a plausible claim for relief as required by Rule 8. The Court thus recommends that the district court dismiss the Complaint. Although it seems unlikely that Plaintiff will be able to cure these deficiencies, the Court nevertheless recommends that the district court grant Plaintiff leave to file an amended complaint.

C. Leave to File an Amended Complaint

Any amended complaint must comply with Rule 8. If Plaintiff chooses to file an amended complaint, she must write short, plain statements telling the court: (1) the treaty, constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct.

Plaintiff should also list separate causes of action for alleged violations of her federal rights, as well as any pendant state law claims she wishes to assert. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

II. IFP Application

In light of the Court's finding that the Complaint is deficient, the Court recommends that the district court deny Plaintiff's IFP Application. The Court further recommends, however, that the district court grant Plaintiff leave to file another application if she chooses to file an amended complaint.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the district court DISMISS the Complaint with leave to file an amended complaint. Unless otherwise stated by the district court, the amended complaint must be filed within 30 days of the district court's entry of an order adopting this Findings and Recommendation.

In addition, the Court FINDS AND RECOMMENDS that the district court DENY the Application to Proceed in District Court Without Prepaying of Fees or

Costs (ECF No. 2) with leave to file a new application if Plaintiff decides to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 28, 2026.

Kenneth J. Mansfield
United States Magistrate Judge

*Jackson-Lewis v. Watson, et al.*, Civil No. 26-00462 HG-KJM; Findings and Recommendation to: (1) Dismiss the Complaint with Leave to Amend; and (2) Deny Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs